**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| GAMCO ASSET MANAGEMENT, INC., on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MARK MCCOLLUM, CHRISTOPH BAUSCH, KARL BLANCHARD, WILLIAM MACAULAY, MOHAMED AWAD, ROXANNE DECYK, JOHN GASS, EMYR PARRY, FRANCIS KALMAN, DAVID KING, GUILLERMO ORTIZ, ANGELA MINAS, BERNARD DUROC-DANNER, KRISHNA SHIVRAM, DAVID BUTTERS, ROBERT MOSES, ROBERT RAYNE and J.P. MORGAN SECURITIES LLC, <br><br> Defendants. | Case No. 4:19-cv-03363 <br><br> **CLASS ACTION** <br><br> <u>JURY TRIAL DEMANDED</u> |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF GAMCO ASSET MANAGEMENT, INC'S APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................................................. 3

ARGUMENT ...................................................................................................................... 5

     I.       GAMCO Is Presumptively The "Most Adequate Plaintiff" .................................. 6

           A.      GAMCO Possesses The Largest Financial Interest ................................... 6

           B.      GAMCO Satisfies Rule 23's Typicality And Adequacy Requirements ..... 7

     II.      GAMCO Is An Ideal PSLRA Lead Plaintiff ......................................................... 10

     III.    The Court Should Approve GAMCO's Choice Of Lead Counsel ....................... 10

     IV.    The Court Should Consolidate Any Later Filed Cases ........................................ 12

CONCLUSION ................................................................................................................... 12

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Cambria Cty. Emps. Ret. Sys. v. Venator Materials PLC*,
    No. H-19-3564, 2019 WL 5328877 (S.D. Tex. Oct. 21, 2019) ......................................... 6

*Hodges v. Immersion Corp.*,
    No. C-09-4073 MMC, 2009 WL 5125917 (N.D. Cal. Dec. 21, 2009) ............................. 7

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
    No. 3:12-CV-3772-G, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012) .............................. 8

*In re BP PLC Sec. Litig.*,
    758 F. Supp. 2d 428 (S.D. Tex. 2010) .................................................................. 8, 10, 12

*In re BP PLC Sec. Litig.*,
    No. 10-md-2185, 2013 WL 6388408 (S.D. Tex.  Dec. 6, 2013) ....................................... 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ......................................................................................... 10

*In re Enron Corp. Sec. Litig.*,
    206 F.R.D. 427 (S.D. Tex. 2002) .................................................................................. 12

*In re Kosmos Energy Ltd. Sec. Litig.*,
    No. 3:12-cv-373-B, 2012 WL 6199318 (N.D. Tex. Nov. 1, 2012) ......................... 7, 9, 10

*Parker v. Hyperdynamics Corp.*,
    No. 4:12-CV-999, 2013 WL 623164 (S.D. Tex. Feb. 19, 2013) .................................... 8, 9

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............................ 7

*Richman v. Goldman Sachs Grp., Inc.*,
    274 F.R.D. 473 (S.D.N.Y. 2011) .................................................................................... 7

*Strong v. AthroCare Corp.*,
    No. A-08-CA-574-SS, 2008 WL 11334942 (W.D. Tex. Dec. 10, 2008) ......................... 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) .................................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................. 7

iii

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)..........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(v)...............................................................................................10

15 U.S.C. § 78u-4(a)(l) .............................................................................................................5

**Rules**

Fed. R. Civ. P. 23(a)(3) ...........................................................................................................8

Fed. R. Civ. P. 23(a)(4) ...........................................................................................................9

**Other Authorities**

H.R. Rep. No. 104-327 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ......................10

Plaintiff GAMCO Asset Management, Inc. ("GAMCO") respectfully submits this motion and memorandum seeking an order, substantially in the form attached hereto as Exhibit 1: (1) appointing GAMCO as lead plaintiff in the above-captioned securities class action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) approving GAMCO's selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") as lead counsel for the Action.[1]  In support of this motion, GAMCO has filed concurrently herewith the Declaration of Andrew J. Entwistle (cited herein as the "Entwistle Decl.").

## PRELIMINARY STATEMENT

GAMCO initiated the Action on September 6, 2019 by filing a complaint (the "Complaint") (ECF No. 1) against certain former and current Weatherford International plc ("Weatherford" or the "Company") officers and directors (the "Weatherford Defendants")[2] on behalf of itself and all persons or entities (the "Class") who purchased or otherwise acquired Weatherford common stock: (1) during the period October 26, 2016 through May 10, 2019 (the "Class Period"); and/or (2) pursuant or traceable to Weatherford's secondary offering of common stock underwritten by defendant J.P. Morgan Securities LLC ("JPMS") that closed on or about November 21, 2016 (the "Equity Offering").[3]

The crux of GAMCO's Complaint is that during the Class Period the Weatherford Defendants made or caused Weatherford to make repeated material misstatements and omissions

---

[1] Due to the nature of the PSLRA's lead plaintiff application process and deadline, it was not possible for GAMCO to comply with Local Civil Rule 7.1D's requirement to confer with opposing movants prior to filing the instant motion because the identity of such parties is not known at the time of filing.

[2] The Weatherford Defendants are Mark McCollum, Christoph Bausch, Karl Blanchard, William Macaulay, Mohamed Awad, Roxanne Decyk, John Gass, Emyr Parry, Francis Kalman, David King, Guillermo Ortiz, Angela Minas, Bernard Duroc-Danner, Krishna Shivram, David Butters, Robert Moses, and Robert Rayne.

[3] Pursuant to the PSLRA, the Complaint attached a certification from GAMCO's general counsel that listed all its Class period transactions. *See* Entwistle Decl., Ex. A.

concerning the Company's purported "Transformation Plan" that would supposedly rescue the Company when, in truth, its bankruptcy was virtually inevitable.  Among other things, the misstatements and omissions enabled the Company, with the assistance of Defendant JPMS, to complete a $456 million equity offering and caused investors up to $1.0 billion in damages.

GAMCO appeared in Weatherford's Chapter 11 bankruptcy proceedings (the "Weatherford Bankruptcy") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court")[4] even before filing the Complaint in order to protect the rights of the Class in several ways, including actively litigating to challenge a third-party release (the "Third-Party Release") in the Company's plan of reorganization (the "Reorganization Plan").

Under the applicable PSLRA standards, GAMCO is the presumptive lead plaintiff and should be appointed to litigate the Action on behalf of the Class.

First, GAMCO has the largest financial interest in the relief sought.  During the Class Period, GAMCO:

    (a)    Purchased more than **17.1 million** Weatherford common shares for more than **$44.9 million** (*see* Entwistle Decl., Ex. B p. 71); and

    (b)    Sustained market losses of more than **$38.7 million** on first-in-first-out ("FIFO") basis (*see id.*) and more than **$4.3 million** on last-in-first-out ("LIFO") basis (*see* Entwistle Decl., Ex. C p. 69).

Second, GAMCO meets the "typicality and adequacy" requirements of Rule 23.  GAMCO's claims are identical to absent Class members and there is no potential conflict with the Class.  GAMCO will fairly and adequately represent the Class' interests and in fact is precisely the type of sophisticated investor that Congress intended to lead securities class actions.  Indeed, GAMCO has already demonstrated it will protect the interests of the Class by:

---

[4] *See In re: Weatherford International plc, et al.*, 19-33694 (DRJ).

2

(a)     Investigating the claims and filing the only complaint against the Weatherford Defendants and JPMS (collectively, the "<u>Defendants</u>"); and

(b)     Appearing in the Weatherford Bankruptcy to challenge the Third-Party Release in the Company's Reorganization Plan that may preclude the claims of certain potential Class members.

For these reasons, respectfully, the Court should appoint GAMCO as lead plaintiff.

The Court should also approve GAMCO's selection of Entwistle & Cappucci as lead counsel for the Class.  Entwistle & Cappucci, with offices in Austin, Texas and New York, New York, is nationally recognized for recovering billions of dollars in investor class actions and has successfully litigated in this District before.  Indeed, earlier this year, Entwistle & Cappucci served as co-lead counsel in a securities class action against an oil and gas company before the Honorable Nancy Atlas that recovered from $173.8 to $335.3 million for investors.

## <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

As alleged in the Complaint, this Action arises from a pattern of misrepresentations and omissions by the Weatherford Defendants – starting in October 2016 and ending when Weatherford announced in May 2019 that it intended to seek bankruptcy protection – designed to prop up the stock price of the failing Company.  The misrepresentations and omissions advanced a narrative that Weatherford, a former oil industry giant, was entering a new era of "recovery" and had developed a "Transformation Plan" that would purportedly achieve $1.0 billion in incremental EBITDA, allow the Company to manage its considerable debt, and return it to profitability.  In reality, however, Weatherford – which as of the end of the third quarter of 2016 had $6.9 billion in debt – had virtually no prospects of continuing as a going concern.

The Weatherford Defendants' scheme, and the material misstatements and omissions that facilitated it, enabled the Company to, among other things, complete a $456 million Equity Offering to Class members in November 2016 and maintain the fiction that Weatherford would

survive.  Perhaps most egregiously, during a February 2019 earnings call, Weatherford's CEO told investors that the Company's Transformation Plan remained "on track" and that he does not "waste a lot of time thinking or planning" for bankruptcy.  However, by that time, Weatherford had *already* hired bankruptcy advisors and was in the process of preparing to commence Chapter 11 proceedings.

The truth about Weatherford's dire financial condition was ultimately revealed in disclosures that caused up to $1.0 billion in damages to the Class.  First, on October 29, 2018, prior to the market open, Weatherford reported a loss of $199 million for the third quarter of 2018, indicating Weatherford's Transformation Plan was illusory and causing Weatherford's stock price to fall more than 36.3% in the two trading days that followed.  Second, on May 10, 2019, Weatherford announced it expected to file for Chapter 11 bankruptcy protection, causing its common stock price to drop over 85%.

Ultimately, however, the Weatherford Defendants' narrative allowed Weatherford to stay afloat long enough for management to negotiate a sweetheart deal with creditors in advance of Weatherford's pre-packaged Reorganization Plan under which management will receive up to 5% ownership in the reorganized company, while existing equity holders (including Class members) will receive less than 1%.

On July 1, 2019, Weatherford did indeed commence its Chapter 11 bankruptcy proceedings.  GAMCO, which was at the time investigating potential claims against Weatherford and the Weatherford Defendants, realized that any such claims would be affected by the Weatherford Bankruptcy and instructed Entwistle & Cappucci to appear.

On August 20, 2019, GAMCO filed an objection to Weatherford's Reorganization Plan on grounds it contains the Third-Party Release that arguably violates Fifth Circuit precedent

against non-consensual, non-debtor releases by potentially barring the litigation claims of: (1) *former* equity investors in Weatherford during the Class Period who no longer held shares at the commencement of the Weatherford Bankruptcy and were thus not parties to the Weatherford Bankruptcy and received no notice of the Third-Party Release; and (2) *existing* equity holders who voted against the Reorganization Plan but did not expressly opt out of the release on their ballot. (Weatherford Bankruptcy ECF No. 281).

On September 6, 2019, GAMCO filed the Complaint asserting claims on behalf of the Class under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"). On the same day GAMCO issued a press release notifying potential class members of the November 5, 2019 deadline to move for appointment as lead plaintiff. (*See* Entwistle Decl., Ex. D).

On September 11, 2019, the Bankruptcy Court overruled GAMCO's objection to the Third-Party Release. (Weatherford Bankruptcy ECF No. 343 ¶ 3). On October 20, 2019, the Bankruptcy Court granted GAMCO's motion to reconsider but affirmed its underlying decision overruling the objection. (Weatherford Bankruptcy ECF No. 391).

On October 31, 2019, GAMCO timely filed a notice of appeal. (Weatherford Bankruptcy ECF No. 413). If successful, the appeal will protect the rights of former investors who did not have the opportunity to opt out of the Weatherford Bankruptcy, as well as current Weatherford shareholders who voted against the Plan but did not opt out. More than 2,731 current shareholders – including GAMCO – did opt out and unquestionably may be members of the Class. (Weatherford Bankruptcy ECF No. 384 ¶ 28).

## ARGUMENT

The PSLRA provides a sequential procedure for selecting a lead plaintiff for private actions arising under the Exchange Act and/or Securities Act. *See* 15 U.S.C. § 78u-4(a)(l); *see*

*also* 15 U.S.C. § 78u-4(a)(3)(B).

In adjudicating lead plaintiff motions, the "most adequate plaintiff" is the movant that has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption that the "most adequate plaintiff" is the movant with the largest financial interest may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## I.       GAMCO Is Presumptively The "Most Adequate Plaintiff"

GAMCO respectfully submits that it is presumptively the "most adequate plaintiff." GAMCO has complied with the PSLRA's procedural requirements,[5] possesses the largest financial interest, and satisfies Rule 23's typicality and adequacy requirements.

### A.       GAMCO Possesses The Largest Financial Interest

"Courts in this district consider four factors to determine which plaintiff has the largest financial interest [] (1) the number of shares purchased, (2) the number of net shares purchased, (3) the total net funds expended by the plaintiff(s) during the class period, and (4) the approximate losses suffered by the plaintiff(s)." *Cambria Cty. Emps. Ret. Sys. v. Venator Materials PLC,* No. H-19-3564, 2019 WL 5328877, at *2 (S.D. Tex. Oct. 21, 2019). (citation omitted). "[H]owever, courts consistently consider the fourth factor—the approximate losses suffered—as most determinative in identifying the plaintiff with the largest financial loss." *Strong v. AthroCare Corp.*, No. A-08-CA-574-SS, 2008 WL 11334942, at *5 (W.D. Tex. Dec. 10, 2008).

---

[5] GAMCO has complied with the PSLRA's procedural requirements by filing the Complaint in this matter as well as by filing this motion by the November 5, 2019 deadline.

During the Class Period, GAMCO purchased 17,157,142 shares of Weatherford common stock for $44,921,276.70 and incurred losses on its investments in Weatherford common stock of $38,771,188.85 on a FIFO basis (Entwistle Decl. Ex. B p. 71) and $4,380,750.81 on a LIFO basis (Entwistle Decl. Ex. C p. 69).[6]

GAMCO believes it has the largest financial interest in the relief sought by the Class.  To the best of the GAMCO's knowledge, there are no other applicants who have sought, or are seeking, a lead plaintiff appointment who purchased more Weatherford common shares during the Class Period or sustained greater losses than GAMCO.  Accordingly, GAMCO has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B.    GAMCO Satisfies Rule 23's Typicality And Adequacy Requirements

GAMCO also "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical of the class and its representation will be adequate.  *See In re Kosmos Energy Ltd. Sec. Litig.*, No. 3:12-cv-373-B, 2012 WL 6199318, at *2 (N.D. Tex. Nov. 1, 2012) ("The Rule 23 inquiry is not rigorous here; at this stage of the

---

[6] With respect to factor (2), GAMCO was a "net seller" of Weatherford Common stock during the Class Period, meaning it sold more shares than it purchased.  However, courts in this District and elsewhere have repeatedly held that a "net seller" can be a lead plaintiff or class representative, as long as it has a recoverable loss.  *See In re BP PLC Sec. Litig.*, No. 10-md-2185, 2013 WL 6388408, at *8-9 (S.D. Tex. Dec. 6, 2013) (rejecting challenge to plaintiff's typicality due to its "net seller" status); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011) ("While there is wisdom in the rule that net sellers who are also net gainers should not be lead plaintiffs; there is no good reason not to recognize losses which a net seller has incurred."); *Hodges v. Immersion Corp.*, No. C-09-4073 MMC, 2009 WL 5125917, at *2 (N.D. Cal. Dec. 21, 2009) ("[W]here a 'net seller' is a 'net loser,' the net seller has incurred a cognizable loss and is the presumptive lead plaintiff where its net losses exceed those of the other movants."); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) ("In cases involving net sellers who are also net losers . . . courts have held that a movant should have no trouble proving damages and, therefore, is qualified to serve as lead plaintiff.") (internal citations omitted).  With respect to factor (3), GAMCO's Class Period net expenditures were $144,309.

proceedings, a lead plaintiff applicant 'need only make a preliminary showing that [it] satisfies these requirements.'") (citation omitted); *see also In re BP PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010) ("To make such a preliminary showing, potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy.") (citation omitted).  As detailed below, GAMCO plainly satisfies the typicality and adequacy requirements of Rule 23 and is thus qualified to serve as Lead Plaintiff.

Pursuant to Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Fed. R. Civ. P. 23(a)(3).  A proposed lead plaintiff's claims are considered typical "where the named representative's claims have the same essential characteristics as the claims of the class at large." *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 3:12-CV-3772-G, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012) (citation omitted). The typicality requirement is satisfied so long as "claims arise from a similar course of conduct and share the same legal theory," even when there are "factual differences." *Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013) (citation omitted).

The typicality requirement is easily satisfied here.  GAMCO seeks exactly the same relief as the Class based on the same factual allegations and legal theories.  As did all members of the Class, GAMCO purchased Weatherford common stock during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions and suffered damages as a result. *See Parker*, 2013 WL 623164, at *3 (discussing typicality requirement).  Moreover, GAMCO purchased shares in the Equity Offering on November 21, 2016 (Entwistle Decl. Ex. A, Ex. 1 p. 2), thereby giving it standing to assert claims on behalf of similarly situated Class members.  These shared claims, which arise under a common legal theory and from the same

8

events and course of conduct as those of the Class's members, satisfy Rule 23(a)(3)'s typicality requirement.

GAMCO likewise meets the adequacy of representation requirement of Rule 23(a)(4), which is satisfied when movants establish that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Adequacy can be demonstrated by a showing of "[1] the zeal and competence of the representatives' counsel and [2] the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Parker*, 2013 WL 623164, at *3 (citation omitted); *see also Kosmos Energy*, 2012 WL 6199318, at *2 (finding a movant had satisfied Rule 23's adequacy requirement by establishing its "significant financial interest in the litigation" and its "select[ion of] competent counsel") (citations omitted).

GAMCO satisfies these elements because its substantial financial stake in the litigation provides an incentive to vigorously represent the Class' claims.  In fact, GAMCO has already taken significant steps by investigating and filing a detailed complaint initiating this Action, as well as objecting to the Third-Party Release in the Weatherford Bankruptcy to protect the rights of certain Class members and filing a notice of appeal of the Bankruptcy Court's order overruling that objection.

GAMCO has also demonstrated its adequacy through its direction to Entwistle & Cappucci to investigate the Class' claims and decision to retain the firm to act as lead counsel for the Class.  As discussed more fully below, Entwistle & Cappucci is highly qualified and experienced in securities class action litigation, having repeatedly demonstrated an ability to prevail in complex securities class action litigation.

## II.        GAMCO Is An Ideal PSLRA Lead Plaintiff

In addition to satisfying the technical requirements of Rule 23, GAMCO is precisely the type of investor Congress sought, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation.  *Kosmos Energy*, 2012 WL 6199318, at *2 n. 2 (noting that "through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors") (citation omitted).  As Congress explained in its PSLRA Statement of Managers Report, the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors . . . with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Rep. No. 104-327, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 737); *see also BP*, 758 F. Supp. 2d at 439 ("[T]he PSLRA expresses a strong preference for institutional investors to serve as lead plaintiffs.").

Appointing GAMCO – a corporation with more than $34 billion in assets under management that provides investment advisory services to funds, institutional and private wealth management investors – as Lead Plaintiff will satisfy the PSLRA's aim of having the Class represented by an institutional investor with a significant stake in the outcome of the litigation and the resources to advance the Class' interests.

## III.        The Court Should Approve GAMCO's Choice Of Lead Counsel

The PSLRA vests authority in the lead plaintiff to "select and retain lead counsel," subject to this Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v); *see also BP*, 758 F. Supp. 2d at 442 (same).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, GAMCO has chosen counsel with extensive experience and a demonstrated history of success in

10

numerous important actions on behalf of defrauded investors, and its selection of counsel should be approved.

Entwistle & Cappucci is among the preeminent securities class action law firms in the country, with offices in Texas and New York.  (*See* Entwistle Decl., Ex. E).  Entwistle & Cappucci has extensive experience successfully prosecuting large and complex class actions and has distinguished itself in successfully pursuing multi-jurisdictional cases against well-funded opponents, including large corporations and financial institutions.  The firm has served in a leadership capacity in some of the highest-profile securities litigation matters in recent years, recovering over $4 billion for its clients and other investors.

Moreover, Entwistle & Cappucci is uniquely qualified to litigate this matter based on its recent success in *In re Cobalt International Energy, Inc. Securities Litigation*, No. 14-cv-3428 (S.D. Tex.) before Judge Atlas.  Like the present action, *Cobalt* concerned, among other things, alleged misstatements and omissions by a Houston-based oil and gas company.  In that regard, Entwistle & Cappucci worked extensively with an oil and gas expert to prosecute the case.  Also overlapping with this action, *Cobalt* involved an entity in bankruptcy and claims against its directors and officers and underwriters.  In *Cobalt*, Entwistle & Cappucci, as appointed Co-Lead Counsel for the class, achieved settlements totaling $173.8 million in cash and up to $161.5 payable from the proceeds of the entity's management liability policies that are subject to ongoing litigation by Entwistle & Cappucci against carriers in Harris County District Court.

Other significant cases in which Entwistle & Cappucci served in a leadership capacity and obtained significant recoveries on behalf of the respective classes are set forth in the firm resume attached as Exhibit E to the Entwistle Declaration.

**IV.        The Court Should Consolidate Any Later Filed Cases**

To date, GAMCO is the only plaintiff who has filed a securities action against the Weatherford Defendants.  However, in the interests of efficiency, the Court should order any subsequently filed securities cases arising from the same facts to be consolidated with this Action.  *See, e.g.*, *BP*, 758 F. Supp. 2d 432-33 ("the Court finds it appropriate to consolidate all of the BP securities class actions pending in this Court because they involve common questions of law and fact.  Although . . . there are significant differences among the claims in the various cases, there are also substantial commonalities, and they involve 'overlapping [d]efendants and a common core of facts and legal issues.'");  *In re Enron Corp. Sec. Litig.,* 206 F.R.D. 427, 440 (S.D. Tex. 2002) (noting that "consolidation, at least pretrial, serves to promote an orderly progression of this very complex litigation").

<u>CONCLUSION</u>

For the foregoing reasons, GAMCO respectfully request that the Court issue an order: (1) appointing GAMCO to serve as lead plaintiff in this Action; (2) approving its selection of Entwistle & Cappucci to serve as lead counsel for the Class and (3) consolidating any later filed securities class actions against the Weatherford Defendants.

DATED: November 5, 2019                    Respectfully submitted,


                                              */s/ Andrew J. Entwistle*
                                              Andrew J. Entwistle
                                              Attorney-in-Charge
                                              (Texas Bar No. 24038131)
                                              **ENTWISTLE & CAPPUCCI LLP**
                                              500 W. 2nd Street, Suite 1900-16
                                              Austin, TX 78701
                                              Telephone:  (512) 710-5960

Vincent R. Cappucci (*pro hac vice*)
Joshua K. Porter (*pro hac vice*)
Andrew M. Sher (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
299 Park Avenue, 20th Floor
New York, New York 10171
Telephone:  (212) 894-7200

*Counsel for GAMCO Asset Management, Inc. and
Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 5th day of November 2019, I caused the foregoing to be electronically filed with Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle

14