UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
May 14, 2021
Nathan Ochsner, Clerk

In re Weatherford International　§
PLC (2019) Securities Litigation　§　　　　　　　Civil Action H-19-3363
　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§

## Opinion on Dismissal

1.　*Background.*

In 1998, Weatherford International, PLC, was created by a merger between Weatherford Enterra and Energy Ventures, Inc. Weatherford is an oilfield services company. It pursued an aggressive acquisition strategy which led to its net debt rising to several billion dollars by late 2016.

On October 26, 2016, Weatherford explained to its shareholders the efforts that it was implementing to reduce its debt and increase profitability – mainly reducing personnel, closing facilities, and selling parts of the company.

On June 28, 2017, Weatherford formally announced a transformation plan to cut its debt dramatically. It later announced further efforts under the plan – reducing the products and services that it offered and centralizing its support functions.

On October 29, 2018, Weatherford's third-quarter earnings were below its set goals. Its stock price fell by over 33% in two days.

On December 12, 2018, the Securities and Exchange Commission sent Weatherford a notice that it was not complying with the New York Stock Exchange's standards because its stock price was below $1 per share.

On May 10, 2019, Weatherford announced that bankruptcy was expected because of its high levels of debt. A few days later, the Exchange suspending trading of Weatherford's shares – causing them to fall to $0.05.

On July 1, 2019, Weatherford filed for bankruptcy. A reorganization plan was approved within two weeks.

On December 13, 2019, Weatherford emerged from bankruptcy.

On September 6, 2019, GAMCO Asset Management and a class of other investors in Weatherford's equity – and now Utah Retirement Systems as lead plaintiff – sued:

a. Weatherford International,
b. Bernard Duroc-Danner – former Board Chairman and Chief Executive Officer,
c. Krishna Shivram – former Chief Financial Officer and interim Chief Executive Officer,
d. Mark McCollum – President and Chief Executive Officer,
e. Christoph Bausch – Executive Vice President and Chief Financial Officer,
f. Stuart Fraser – Vice President and Chief Accounting Officer,
g. Douglas Mills – former Vice President and Chief Accounting Officer, and
h. Karl Blanchard – Executive Vice President and Chief Operating Officer,

for violating sections 10(b) and 20(a) of the Securities Exchange Act. The Weatherford defendants have moved to dismiss for failure to state a claim. They will prevail.

2. *Section 10(b).*

To state a claim under section 10(b) of the Act, Utah must have adequately pleaded facts of: (a) a misstatement or omission of material fact, (b) made with scienter, (c) on which Utah relied, and (d) that injured Utah.[1] Under federal rule 9(b), Utah must have pleaded the circumstances of fraud with particularity. The Private Securities Litigation Reform Act requires Utah to have pleaded: (a) specifically each allegedly misleading statement, (b) the speaker, (c)

---

[1] *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

when and where the statement was made, (d) the particular conents of the false representation, (e) the speakers particular benefit, and (f) why the statement was misleading.[2]

Utah says that the Weatherford defendants made repeated assurances over a three year period that the plan was working and that Weatherford's financial situation would be fine. It argues these assurances were false because: (a) Weatherford knew the plan "was useless and had no chance of success and often hurt [Weatherford]'s financial condition" and (b) Weatherford considered bankruptcy the entire time. Utah asserts that there was scienter because the defendants motive was to benefit from delaying bankruptcy so that they could negotiate additional money under the management incentive plan.

Utah says that they relied on Weatherford's assurances under the fraud-on-the-market doctrine, and that they were injured because the stock price tanked – losing their investment's value.

To overcome the Reform Act's safe harbor provision, Utah must have pleaded with particularity that Weatherford: (a) did not include meaningful cautionary language with its statements, and (b) had actual knowledge that the statements were false.[3]

Looking at Weatherford's statements in their entirety reveals that they are not actionable. Most are challenges to forward-looking statements with meaningful cautionary language, vague optimism by Weatherford, or opinions about the plan and the company's future. The remaining statements are not pleaded with particular facts that they were false at the time they were made.

Utah's attempts to pick and chose pieces of different statements with conclusory, hindsighted former employees' allegations about their falsity are inadequate to have pleaded fraud. It also has chronology issues by seemingly crossing different statements and facts over time to "invent" a falsity. The key is whether the statement was false *at the time* it was made.

---

[2] *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).

[3] *Id.* at 359.

Utah's blanket assertions that Weatherford misled about its financial conditions and the plan's shortcomings contradict the facts, as the plan was making progress – just insufficient progress with other market factors at the time – and that Weatherford never lied about its financial condition on any Commission filings.

Utah's concerns with the timing of Weatherford's bankruptcy announcement are also unavailing as Weatherford was consistently honest about its debt levels and the associated risks. A reasonable investor should have been aware that bankruptcy was possible.

Issues are also present with Utah's pleadings of scienter. To have pleaded scienter, Utah must have given particular facts of a strong inference of intentional misconduct or gross negligence by Weatherford that is "at least as compelling as any opposing inference of non-fraudulent intent."[4] Motive for fraud may be pleaded with facts that allege "concrete benefits realized by one or more false statements and allegedly wrongful disclosures."[5]

Utah has pleaded no facts to support motive other than a conclusory allegation that the defendants would benefit under the incentive plan and that they were aware that they would benefit. This highlights a group pleading problem that is rampant throughout the complaint. It is implausible that a group of different executives from different time periods had a collective motive to delay bankruptcy to negotiate better terms under the incentive plan. No facts were pleaded of who knew what when. This fundamentally cannot meet the heightened particularity standard.

It is clear by looking at all the facts in their totality that the inference is of a company trying to fix its issues but was continually stymied by a weak oil market – not fraud.

---

[4] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

[5] *Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.* 537 F.3d 527, 543 (5th Cir. 2008).

Utah also seems to consistently have pleaded its reliance by giving a myriad of third-party analyst reports where they credited Weatherford's statements in formulating their analyses. Potential reliance by a third party is not adequate to have pleaded reliance by the plaintiffs. Reliance is a fact-specific determination. The relationships between the plaintiffs and Weatherford are drastically different than the relationship between Weatherford and third-party analysts – which has a key impact on the reliance calculation. Blanketly asserting reliance otherwise is insufficient.

Because Utah has failed to have pleaded the elements of fraud with particularity, its section 10(b) claim will be dismissed.

3. *Section 20(a).*

Because Utah's section 10(b) claim fails, its section 20(a) claim also fails as it is derivative.[6]

4. *Conclusion.*

Because Utah Retirement System – as lead plaintiff of the class – has failed to state a claim, this case will be dismissed with prejudice.

Signed on May 14, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] *ABC Arbitrage Plaintiffs Group*, 291 F.3d at 362.